USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/23/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------- X

GEORGE HINES, M.D., HELENE HINES, and JENNIFER HINES,

Plaintiffs,

- against -

1025 FIFTH AVENUE, INC.,

Defendant.

---------------------------------------------------- X

**OPINION AND ORDER**

14 Civ. 3661 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

George, Helene, and Jennifer Hines (the "Hineses") bring discrimination claims under the Fair Housing Act, the New York State Human Rights Law, the New York City Human Rights Law, and the New York City Administrative Code. They seek both injunctive relief and damages, and demand a trial by jury. 1025 Fifth Avenue, Inc. (the "Co-op") moves to strike the jury demand on the grounds that the Hineses waived their right to a jury trial. For the reasons that follow, the Co-op's motion is GRANTED and the jury demand is struck.

## II. BACKGROUND

In 2001, Helene and George Hines purchased and moved into a one-bedroom co-op apartment owned by 1025 Fifth Avenue, Inc. (the "Co-op").[1] George and Helene identified themselves as co-applicants and both were interviewed by the Co-op's Board of Directors.[2] As part of their application, they listed the names and ages of their children, Brian Hines and Jennifer Hines.[3] Additionally, both George and Helene signed an acknowledgment that they had read the House Rules of the Co-op and that they understood the pet policy.[4] After the Board's approval, Helene and the Co-op executed a Proprietary Lease (the "Lease"), dated August 14, 2001 and extending through September 30, 2050.[5]

The Lease identifies Helene Hines as the Lessee.[6] Among other things, it includes a covenant related to the use of the premises, and provides: "The Lessee shall not occupy or use the apartment, or permit the same or any part

---

1 *See* First Amended Complaint ("FAC") ¶ 38.

2 *See id.*; Additional Information, Ex. A to Declaration of Steven Barshov in Support of Defendant's Motion to Strike Plaintiffs' Jury Trial Demand ("Barshov Decl.").

3 *See* Additional Information.

4 *See* Letter to the Board of Directors, Ex. D to Barshov Decl.

5 *See* Proprietary Lease, Ex. B to Barshov Decl., at 5.

6 *See id.*

thereof to be occupied or used, for any purpose other than as a private dwelling apartment for the Lessee[] [and] the family and servants of the Lessee . . . ."[7] The Lease does not permit subletting without the Co-op's written consent.[8] The Lease also provides a procedure for the assignment of the Lease, which includes a requirement of written consent from either the Board of Directors or lessees owning a majority of the capital stock in the Co-op.[9] The Lease specifies that "the covenants herein contained shall apply to, bind and enure to the benefit of the Lessor and its successors and assigns, and the Lessee and the executors and administrators, legal representatives, legatees and assigns of the Lessee, except as hereinbefore stated."[10] Finally, the Lease provides for a waiver of trial by jury:

> It is mutually agreed by and between the Lessor and the Lessee that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaims brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Lessee's use or occupancy of the apartment, or any claim of damage resulting from any act or omission of the parties in any way connected with this lease or the apartment.[11]

---

7 *See id.* at 9.

8 *See id.* at 10.

9 *See id.*

10 *Id.* at 22.

11 *Id.*

The jury waiver appears on the last page of the Lease, which is also the signature page containing the signatures of the Co-op's representatives, Helene Hines, and Kathy Reitman, the Hines's attorney, as a witness.[12]

In or around 2010, Jennifer Hines moved into the apartment with her parents due to health concerns.[13] George and Helene Hines renovated the apartment to create a second bedroom for Jennifer.[14] Both Helene and Jennifer keep service dogs, and Jennifer keeps an emotional support dog as well.[15] These dogs assist Helene and Jennifer with the management of their diseases. Starting in or around 2013, the presence of the dogs, as well as the placement of Helene Hines's car, became a source of conflict between the Hineses and the Co-op.[16]

On May 21, 2014, the Hineses commenced this action against the Co-op, alleging discrimination on the basis of disability in violation of the Fair Housing Act, the New York State Human Rights Laws, the New York City Human Rights Laws, and the New York City Administrative Code. Plaintiffs allege that

---

[12] *See id. See also* Defendant's Memorandum of Law in Support of Motion to Strike Plaintiff's Jury Trial Demand ("Def. Mem."), at 8.

[13] *See* FAC ¶ 44.

[14] *See id.*

[15] *See id.* ¶¶ 35, 42–43.

[16] *See id.* ¶¶ 55–78.

the Co-op has discriminated against the Hineses on the basis of their disabilities, and has refused to make reasonable accommodations or to allow Helene and Jennifer Hines to have equal housing opportunities.

## III. APPLICABLE LAW

### A. Right to a Jury Trial

"The Seventh Amendment preserves the right to a jury trial for common-law actions, but parties to a contract may waive that right 'by prior written agreement entered into knowingly and voluntarily.'"[17] "Courts are to strictly construe jury waiver clauses, as the right to a jury trial is fundamental . . . ."[18] "Although the right is fundamental and a presumption exists against its waiver, a contractual waiver is enforceable if it is made knowingly, intentionally, and voluntarily."[19]

"When asserted in federal court, the right to a jury trial is governed by federal law."[20] Federal courts use four factors to determine whether a waiver is

---

[17] *Price v. Cushman & Wakefield, Inc.*, 808 F. Supp. 2d 670, 705 (S.D.N.Y. 2011) (quoting *Morgan Guar. Trust Co. v. Crane*, 36 F. Supp. 2d 602, 603 (S.D.N.Y. 1999)).

[18] *Urban Outfitters, Inc. v. 166 Enterprise Corp.*, 136 F. Supp. 2d 273, 275 (S.D.N.Y. 2001) (citing *Gargiulo v. Delsole*, 769 F.2d 77, 79 (2d Cir. 1985)).

[19] *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007).

[20] *Id.*

enforceable: "'(1) the negotiability of contract terms and negotiations between the parties concerning the waiver provision; (2) the conspicuousness of the waiver provision in the contract; (3) the relative bargaining power of the parties; and (4) the business acumen of the party opposing the waiver.'"[21] The party attempting to enforce the purported waiver has the burden of proving that the waiver was knowing and intentional.[22]

**B. Third-Party Beneficiary**

To be considered a third-party beneficiary of a contract under New York law, a party must "establish that the parties to the contract intended to confer a benefit on a third-party."[23] Three elements must be established:

> (1) the existence of a valid and binding contract between other parties, (2) that the contract was intended for [their] benefit and (3) that the benefit to [them] is sufficiently immediate, rather than incidental, to indicate the assumption by the contracting parties of a duty to compensate [them] if the benefit is lost.[24]

---

[21] *Price*, 808 F. Supp. 2d at 705 (quoting *Morgan*, 36 F. Supp. 2d at 604).

[22] *See id.*

[23] *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 124 (2d Cir. 2005) (citing *State of Cal. Pub. Employees' Ret. Sys. v. Shearman & Sterling*, 95 N.Y.2d 427, 434–35 (2000)).

[24] *Mendel v. Henry Phipps Plaza West, Inc.*, 6 N.Y.3d 783, 786 (2006) (alterations in original) (quoting *Burns Jackson Miller Summit & Spitzer v. Lindner*, 56 N.Y.2d 314, 336 (1983)).

"[A] third-party may have enforceable rights under a contract if the contract was made for her direct benefit."[25] However, "[i]f the agreement was not intended to benefit the third party, . . . she is viewed as an 'incidental beneficiary' . . . ."[26] For a contract to confer enforceable third-party beneficiary rights, a party must establish that "no one other than the third party can recover if the promisor breaches the contract or that the language of the contract otherwise clearly evidences an intent to permit enforcement by the third party."[27] "Although the parties' intention to benefit the third party must be gleaned from the face of the contract, the defendant's obligation to the third-party beneficiary need not be explicitly stated in the contract itself."[28] "'A court in determining the parties' intention should consider the circumstances surrounding the transaction as well as the actual language of the contract.'"[29]

## IV. DISCUSSION

---

25 *McNeill v. New York City Housing Auth.*, 719 F. Supp. 233, 248 (S.D.N.Y. 1989).

26 *Id.* at 249.

27 *Fourth Ocean Putnam Corp. v. Interstate Wrecking Co., Inc.*, 66 N.Y.2d 38, 45 (1985).

28 *Cauff, Lippman & Co. v. Apogee Fin. Grp.*, 807 F. Supp. 1007, 1020 (S.D.N.Y. 1992) (internal citation omitted).

29 *Subaru Distributors*, 425 F.3d at 124 (quoting Restatement (Second) of Contracts § 302, Reporter's Note, comment a).

### A. Helene Hines Waived the Right to a Jury Trial

Although the right to a jury trial is fundamental, contractual jury waivers are "regularly enforced where the waiver is 'knowing, voluntary' and 'intentional.'"[30] Plaintiffs do not dispute that Helene Hines's waiver was knowing, voluntary, and intentional. Instead, plaintiffs contend that the jury waiver clause is null and void under New York State Real Property Law section 259-c.[31] However, *federal* law controls whether a jury trial waiver is enforceable in federal court.[32] Thus, a New York state statute has no bearing on the enforceability of the jury waiver clause at issue here.

Here, the jury waiver clause was printed in the same font and typeface as every other provision in the Lease, and included the boldface heading "Waiver by Trial of Jury."[33] Moreover, it was included on the same page as Helene Hines's signature. Helene Hines voluntarily chose to enter into the lease and was

---

30 *Brown v. Cushman & Wakefield, Inc.*, No. 01 Civ. 6637, 2002 WL 1751269 (S.D.N.Y. July 29, 2002) (citing *Morgan*, 36 F. Supp. 2d at 603).

31 *See* Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Strike, at 3.

32 *See Merrill Lynch*, 500 F.3d at 188 ("When asserted in federal court, the right to a jury trial is governed by federal law.").

33 Proprietary Lease at 22.

represented by counsel — indeed, the lawyer was the witness to the execution of the Lease.[34] Therefore, under federal law, the jury waiver clause is enforceable.

**B. The Claims Are Within the Scope of the Jury Waiver Clause**

Plaintiffs also do not dispute that the claims are within the scope of the jury waiver clause. The clause encompasses "any action, proceeding or counterclaims brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, [or] the Lessee's use or occupancy of the apartment . . . ."[35] The claims brought by the Hineses under the Fair Housing Act and its state and city equivalent are plainly "connected with . . . the Lessee's use . . . of the apartment."[36] Thus, the claims are within the scope of the clause.

**C. George and Jennifer Hines Are Bound by the Jury Waiver Clause**

The real dispute between the parties is whether George and Jennifer

---

34 *See id.*

35 *Id.*

36 *Id. Accord Milsap v. Cornerstone Residential Mgmt., Inc.*, No. 05 Civ. 60033, 2007 WL 965590, at *4 (S.D. Fla. Mar. 28, 2007) (holding that Fair Housing Act claim could be said to arise out of the lease and thus was within the scope of the jury waiver clause). *Cf. Bense v. Interstate Battery Sys. of Am., Inc.*, 683 F.2d 718, 720 (2d Cir. 1982) (holding that a federal antitrust action "undoubtedly arises 'directly or indirectly' from the agreement" and therefore was within the scope of a forum selection clause).

Hines — who did not sign the Lease — have also waived their right to a jury trial. The Co-op advances three theories as to why both George and Jennifer are bound by the jury waiver. *First*, the Co-op argues that jury waiver clauses are frequently invoked against non-signatories because "[a]llowing non-signatory residents of a Co-Op apartment to preclude the invocation of a valid jury trial waiver would . . . devalue the waiver provisions of the Proprietary Lease . . . ."[37] *Second*, the Co-op contends that George and Jennifer Hines are bound by the clause as third-party beneficiaries of the Lease. *Finally*, the Co-op argues that they are bound under a theory of estoppel because "'a party which is a non-signatory to a contract, but which nontheless receives a direct benefit from that contract, is estopped from seeking exclusion from provisions of the contract.'"[38]

The Co-op cites several cases that have enforced jury waiver clauses against non-signatories to a contract. The Co-op contends that these cases stand for the proposition that jury trial waivers may be invoked both by and against non-

---

[37] Def. Mem. at 11 (citing *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 225 (3d Cir. 2007)).

[38] *Id.* (quoting *American Steamship Owners Mut. Protection & Indem. Ass'n, Inc. v. American Boat Co., LLC*, No. 11 Civ. 6804, 2012 WL 527209, at *4 (S.D.N.Y. Feb. 17, 2012)). Because I conclude that George and Jennifer Hines are bound as third-party beneficiaries, I do not address the Co-op's estoppel argument.

signatories to a contract.[39] However, these cases are distinguishable from the facts here because of the relationship between the parties. In *Tracinda Corporation v. DaimlerChrysler AG*, the Third Circuit held that an individual defendant was bound by a valid jury waiver clause where the corporation was a signatory on the contract.[40] The court applied agency principles to determine that because the defendant was an agent of the principal corporation, the defendant was also bound by the waiver. In so holding, the court stated that "[i]f we did not allow nonsignatory agents of a signatory corporation to invoke a valid contractual jury waiver provision, such an agreement would be of little practical value, as it would be too easy to circumvent the agreements by naming individuals as defendants instead of the entity itself."[41] However, this case — and other cases employing the same theory — is inapplicable because it involves questions of whether a nonsignatory can be bound under agency principles. The Co-op does not assert — nor could it — that George and Jennifer Hines are agents of Helene Hines. Therefore the policy reasons underlying the Third Circuit's decision do not apply

---

[39] *See id.*

[40] 502 F.3d at 225.

[41] *See id.* (internal quotations omitted). *See also American Fuel Corp. v. Utah Energy Dev. Co., Inc.*, 122 F.3d 130, 133 (2d Cir. 1997) ("[A] nonsignatory party may be bound to an arbitration agreement if so dictated by the ordinary principles of contract and agency.") (internal quotations omitted).

here.[42]

However, George and Jennifer Hines are bound by the jury waiver clause as third-party beneficiaries of the Lease. A party may be a third-party beneficiary where the contract shows an intent to confer a benefit on the third party.[43] The third party need not be specifically mentioned, but the intent to benefit a third party must be shown on the face of the agreement.[44] Here, the Lease states that "[t]he Lessee shall not occupy or use the apartment, or permit the same of any part thereof to be occupied or used, for any purpose other than as a private dwelling apartment for the Lessee[] [and] *the family and servants of the Lessee* . . .

---

[42] Similarly, a case cited by plaintiffs in support of their opposition to the jury waiver is inapplicable, as it involves a subtenant under a sublease agreement that included a general incorporation clause. The court found that a general incorporation of terms of another contract, which included a jury waiver clause, was insufficient to find that the plaintiff had voluntarily waived its right to a jury trial. *See Urban Outfitters, Inc. v. 166 Enterprise Corp.*, 136 F. Supp. 2d 273, 275 (S.D.N.Y. 2001). There is no such separate agreement here.

[43] *See Debary v. Harrah's Operating Co., Inc.*, 465 F. Supp. 2d 250, 263 (S.D.N.Y. 2006). This case, in keeping with all other cases cited by the parties and found by this Court, involves a party claiming to be a third-party beneficiary seeking to enforce a contract. Nevertheless, the analysis is not meaningfully different where, as here, the situation is reversed — that is, one of the contracting parties is attempting to establish that another party is a third-party beneficiary in order to enforce one of the terms of the contract.

[44] *Id.* (citing *Newman & Schwartz v. Asplundh Tree Expert Co., Inc.*, 102 F.3d 660, 663 (2d Cir. 1996)).

."[45] Thus, the language of the Lease explicitly references the Lessee's family and confers a direct benefit upon them — the right to reside in the apartment.[46]

Considering the circumstances surrounding the transaction, moreover, it is apparent that the parties intended to confer a benefit at least upon George Hines. He and Helene Hines were interviewed together by the Co-op's Board of Directors.[47] He was listed as a co-applicant on the "Additional Information" sheet, and he signed an acknowledgment that he had read the House Rules of the Co-op and that he understood the pet policy.[48] Thus, although only Helene Hines signed the Lease, the circumstances indicate that both the Co-op and Helene Hines intended to confer the benefit of the Lease — namely, the right to reside in the apartment — upon George Hines. Similarly, Jennifer Hines was listed on the Additional Information sheet as one of the Hines's children.[49] Although she did

---

[45] Proprietary Lease at 9 (emphasis added).

[46] It is not necessary that George and Jennifer Hines be named in the Lease, so long as they were intended to be beneficiaries of the agreement. *See Vanderwater Lapp v. Sacks Builders, Inc.*, 20 Misc. 2d 677, 680 (2d Dep't 1959) ("[T]he fact that the particular person who was to benefit from the promise is not known when the promise is made[] is immaterial if he be one of a class of persons intended to be benefitted.").

[47] *See* FAC ¶ 38.

[48] *See* Additional Information.

[49] *See id.*

not reside in the apartment until 2010, the fact that the Co-op requested information regarding the Hines's children suggests that it understood at the time the agreement was made that the Lease conferred a benefit upon this class of persons.

Moreover, the right to reside in the apartment is not an incidental benefit, but the primary benefit of the agreement. It is immaterial that Jennifer Hines did not immediately reside in the apartment and enjoy this benefit. The language of the agreement contemplates her right to do so, and therefore shows an intent by the parties to confer a benefit. Finally, as third-party beneficiaries, George and Jennifer Hines are bound by the jury waiver clause in the Lease.[50]

The Hineses argue that George and Jennifer Hines do not qualify as third-party beneficiaries because the Lease states that Helene Hines is the sole lessee, and that the covenants apply only to the lessee.[51] However, the Co-op does not argue that George and Jennifer Hines are parties to the Lease. Rather, the Co-op contends that they are intended third-party beneficiaries of the Lease. Because they are indeed third-party beneficiaries, they are bound by the covenants of the

---

[50] *See Travelers Property & Cas. Ins. Co. v. AGG Creperie*, No. 11 Civ. 2066, 2014 WL 4378783, at *2 (E.D.N.Y. Sept. 5, 2014) (noting that third-party beneficiaries are "bound by the disclaimers and limitations in the contracts") (citing *Dunning v. Leavitt*, 85 N.Y. 30, 35 (1881)).

[51] *See* Proprietary Lease at 3, 22.

Lease. Moreover, the Hineses have failed to consider the entirety of the relevant paragraph. The Lease states that "the covenants herein contained shall apply to, bind and enure to the benefit of the Lessor and its successors and assigns, and the Lessee and the executors and administrators, legal representatives, legatees and assigns of the Lessee, *except as hereinbefore stated*."[52] This language contemplates that covenants may be binding on parties other than those mentioned in this paragraph if previous language allows. As discussed above, the Lease expressly confers a benefit upon the family of the Lessee. It follows that those family members who — pursuant to the terms of the Lease — partake in that benefit are subject to the covenants of the Lease, including the jury waiver clause.

## V. CONCLUSION

For the foregoing reasons, the Co-op's motion is GRANTED. The Clerk of the Court is directed to close this motion (Docket No. 33). A final pre-trial conference is scheduled for April 21, 2015 at 4:30 p.m.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

---

52 *Id.* at 22 (emphasis added).

Dated: New York, New York
February 23, 2015

**-Appearances-**

**Counsel for Plaintiffs:**

James E. Bahamonde, Esq.
The Law Offices of James E. Bahamonde, P.C.
2501 Jody Court
North Bellmore, NY 11710
(516) 783-9662

**Counsel for Defendant:**

Steven Barshov, Esq.
Sive, Paget & Reisel, P.C.
460 Park Avenue
New York, NY 10022
(212) 421-2150